# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Case Number: 4:11-CR-00196 |
| v. § | Judge Mazzant |
| § | |
| MELVIN ANTONIO BENITEZ (26) § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Melvin Antonio Benitez's Motion to Reduce Sentence Under First Step Act of 2018 Upcoming Retroactivity to All Federal Prisoners Sentence Before the Enactment Became Law (Dkt. #1563). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion should be **DENIED**.

## BACKGROUND

On October 12, 2011, Benitez and thirty-five co-defendants were charged by indictment with conspiring to manufacture or distribute or possess with intent to distribute controlled substances and carrying a firearm during a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime (Dkt. #1). On November 9, 2011, the Government filed a superseding indictment against Benitez and thirty-six other co-defendants, charging them with one count of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute heroin, cocaine, cocaine base (or "crack"), methamphetamine, marijuana, and Methylenedioxymethamphetamine (or "Ecstasy") in violation of 21 U.S.C §§ 841 and 846 (Dkt. #259). The Government's superseding indictment also charged Benitez with seven counts of using or carrying a firearm during a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (Dkt. #259).

Benitez's case proceeded to trial on August 12, 2013, before United States District Judge

Richard A. Schell.  On August 27, 2013, the jury returned a verdict, finding Benitez guilty on all eight counts (Dkt. #995 at pp. 6–8).  The jury found that the quantities of controlled substances attributable to Benitez within the scope of the conspiracy were 100 grams or more of a mixture or substance containing a detectable amount of heroin and five kilograms or more of a mixture or substance containing a detectable amount of cocaine (Dkt. #995 at pp. 6–7).

Subsequently, the Government moved to dismiss Counts Two, Three, Five, Six, Seven, and Eight of the superseding indictment (Dkt. #1270).  On November 5, 2014, the Court entered a judgment adjudicating Benitez guilty of one count of conspiracy to manufacture or distribute or possess with intent to manufacture or distribute 100 grams or more of heroin and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One) and one count of using or carrying a firearm during a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (Count Four) (Dkt. #1286).

On October 9, 2014, the Court sentenced Benitez to 420 months in prison (Dkt. #1269).  Benitez is currently serving his sentence at FCI Three Rivers with an anticipated release date of March 29, 2042.  *See* https://www.bop.gov/inmateloc/ (Register Number: 19275-078).

On October 16, 2017, Benitez moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) (Dkt. #1479).  The Court denied Benitez's motion because, although he was eligible for a two-level reduction of his base offense level, that reduction did not change his guideline imprisonment range (Dkt. #1480).  Benitez sought reconsideration of the Court's decision on March 26, 2018 (Dkt. #1503).  The Court denied Benitez's motion for reconsideration (Dkt. #1504).

Benitez filed the present motion for a sentence reduction under § 404 of the First Step Act of 2018 on June 17, 2022 (Dkt. #1563).  The Government filed its response opposing Benitez's

motion on July 1, 2022 (Dkt. #1566).

## LEGAL STANDARD

Section 404 of the First Step Act of 2018 gives courts discretion to reduce sentences for "defendants convicted of certain crack cocaine offenses . . . as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act of 2010 ('FAIR') were in place at the time the offenses were committed." *United States v. Stewart*, 964 F.3d 433, 433 (5th Cir. 2020); First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).  FAIR, which took effect on August 3, 2010, reduced statutory minimum penalties for offenders who committed a cocaine base crime before August 3, 2010, but were not sentenced until after that date.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

To be eligible for a sentence reduction under § 404, a defendant must establish: (1) that he committed a "covered offense"; (2) that his sentence was not previously imposed or reduced pursuant to [FAIR]; and (3) that he did not previously file a motion under the First Step Act that was denied on the merits."  *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020).  Under the First Step Act of 2018, eligibility for resentencing "does not equate to entitlement," as the statute clearly states, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Batiste*, 980 F.3d at 471 (quoting Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222).

## ANALYSIS

The Government argues that Benitez does not meet the threshold requirement of eligibility for a sentence reduction under § 404 because he was not convicted of a "covered offense" (Dkt. #1566 at p. 3).  The Court agrees.  Accordingly, the Court finds that Benitez is ineligible for a sentence reduction under the First Step Act of 2018.

**Benitez Was Not Convicted of a "Covered Offense"**

The First Step Act of 2018 defines a "covered offense" as a federal criminal statute for which the statutory penalties were modified by § 2 or 3 of FAIR that was committed before August 3, 2010. Pub. L. 115-391, § 404(a), 132 Stat. at 5222. The issue of "whether a defendant has a 'covered offense' under [§] 404(a) depends only on the statute under which he was convicted." *United States v. Winters*, 986 F.3d 942, 948 (5th Cir. 2021) (quoting *United States v. Jackson*, 945 F.3d 315, 319–20 (5th Cir. 2019)). Thus, if a defendant was convicted of violating a statute whose penalties were modified by FAIR, that defendant meets that aspect of a "covered offense." *Jackson*, 945 F.3d at 320.

Sections 2 and 3 of FAIR modified statutory minimums and maximums for offenses involving cocaine base set out in 21 U.S.C. § 841(b)(1). *Id.* Specifically, § 2 of FAIR amended the penalty provision of 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the fifty-gram threshold for cocaine base convictions to 280 grams. *Dorsey*, 567 U.S. at 269. Section 2 also amended 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the five-gram cocaine base threshold to twenty-eight grams. *Id.* Likewise, § 3 of FAIR eliminated a mandatory minimum sentence for simple possession of cocaine base. *Batiste*, 980 F.3d at 466.

Here, Benitez was convicted of conspiring to manufacture or distribute or possess with intent to manufacture or distribute 100 grams or more of heroin and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Neither § 2 nor § 3 of FAIR modified the portions of § 841 that set out the amounts of heroin or powder cocaine required to trigger the statutory penalty ranges. *See, e.g.*, *Dorsey*, 567 U.S. at 269. Although Benitez was initially charged with offenses involving cocaine base, he was not ultimately convicted of violating any portions of 21 U.S.C. § 841(b)(1)(A) that involve cocaine base. Thus, because his statutes of

conviction were not modified by FAIR, Benitez is ineligible for a sentence reduction under the First Step Act of 2018.  See *Jackson*, 945 F.3d at 320; *United States v. Carbe*, 797 F. App'x 901, 902 (5th Cir. 2020) (per curiam) (concluding that a defendant's eligibility for relief under the First Step Act of 2018 is "based solely on his statute of conviction").

## CONCLUSION

It is therefore **ORDERED** that Defendant Melvin Antonio Benitez's Motion to Reduce Sentence Under First Step Act of 2018 Upcoming Retroactivity to All Federal Prisoners Sentence Before the Enactment Became Law (Dkt. #1563) is **DENIED**.  Further, Defendant Melvin Antonio Benitez's request for the appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of January, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE